## N. S. HALL v. J. A. S. ACKLEN.

9 219
115 677

The Magistrate, by whom a commitment was signed, had removed from the parish; the constable and jailor proved that the original commitment was no longer in their possession. *Held:* A copy from the original, taken while in the hands of the officer to whom it was addressed, was, under these circumstances, admissible in evidence to show that the plaintiff was arrested and imprisoned by virtue of a warrant which purported to have been issued on the affidavit of defendant. *Held,* also: The commitment alone was not evidence sufficient to establish the fact that the defendant was the prosecutor, or that he had made such an affidavit as is recited in it. The affidavit itself, or proof by an examined copy, was the proper evidence, and the only admissible documentary evidence to establish, *per se,* that the defendant was the prosecutor.

In an action for false imprisonment, facts which furnish evidence that the defendant was the prosecutor, and that the arrest and imprisonment were made on the charge as stated in the commitment, are admissible, unless it can be shown that *it is in the power of the plaintiff to produce the affidavit itself,* on which the commitment issued.

The rule, which requires that the best evidence must be given of which the case is susceptible, only applies to exclude secondary evidence, where better evidence is in the possession or power of the party offering it.

Plaintiff's counsel was to receive 25 per cent. on the amount recovered. *Held:* That the interest he had in the result rendered him incompetent to testify.

The defendant, who answers a rule taken on him to show cause why depositions should not be read in evidence, and states his objections, does not lose his right to urge his objections by failing to have the rule disposed of before the trial.

No order of the Court is necessary, where the commission issues within the State; nor is it necessary that the defendant be notified of the time and place of taking the depositions.

If the plaintiff had been indicted for the offence and tried, and, upon all the evidence, the jury had deliberated as to his guilt, that fact would be admissible as evidence of a probable cause. But doubts which the Judge may have entertained and expressed on a preliminary investigation, not involving all the evidence, as to the guilt or innocence of the accused, ought not to be received as want of probable cause in an action for malicious prosecution.

In an action for malicious prosecution, the plaintiff is bound to prove both malice and want of probable cause. But malice may be inferred from the want of probable cause. It is an inference which the jury may or may not draw from the want of a probable cause.

APPEAL from the District Court of the parish of West Feliciana. This cause was tried by a jury before *Sterling,* J.

*Cyrus Ratliff,* for plaintiff, on the point of malice, cited 2 Starkie on evidence, 912, 913, 915, 916, 918, 921, marginal page; *Grant* v. *Deuel,* 3 R. R., 17; 5 A. R., 713; 12 R. R., 162; C. C., 2294; 4 A. R., 377.

The question of damages for false imprisonment, and in fact, all questions sounding in damages, are the exclusive province of a jury to determine. They are selected from the vicinage. They see and hear the witnesses testify, weigh

---

* See the preceding case.—REP.

HALL
*v.*
ACKLEN.

their credibility, their intelligence, and their opportunity of knowing and understanding the facts they are called upon to determine. Great weight should be given to their determinations on questions of damages. Much that the jury sees and hears from the mouths of witnesses, can never be transferred to the record. Therefore, great deference is always paid to their decisions on questions of damages, by courts of justice. 11 M. R., 189. 8 L. R., 26. 9 L. R., 162. *Petyvan* v. *Winter*, 6 L. R., 560. 8 L. R., 64.

Defendant objected to the evidence of Capt. *Andrew Worley* and others, taken under a commission, on the ground that said interrogatories were filed before the service of the petition and citation, and reserves the right of being notified of the time and place of taking said testimony, but declines propounding cross-interrogatories. Petition and citation was served 25th May, 1852. The interrogatories were filed the same day the petition was filed. When the testimony was returned, plaintiff took a rule upon defendant, to show cause why the testimony should not be used as evidence on the trial. Defendant answered the rule, and showed for cause, that no order of court had preceded the commission, and no notice of the time and place had been given of the taking of the testimony. This answer was not urged before going into the trial; and when the evidence was offered, objection was then urged for the first time. Court overruled the objection, upon the ground that they had gone to trial without requiring a decision on their objections. In this there is no error. 5 N. S., 213. 11 R. R., 203. 3 R. R., 13. By the Act of 20th March, 1839, commissions to take testimony can be taken out at any time after the service of petition and citation. Shows clearly that the interrogatories can be served before the commission issues. This was done 4 R. R., 1 C. P. 426, 428. See Act of 1839, p. 168, sec. 17.

*Brewer & Collins* and *Phillips*, for defendant and appellant :

"There must be some positive evidence to show that the prosecution was groundless. It is not every verdict of not guilty, nor even subsequent proof of complete innocence, that shows a want of probable cause in the incipient stages of the prosecution." *Grant* v. *Deuel*, 3 Rob., 18.    2 Starkie on Slander, 66.

OGDEN, J. This is an action of damages for false imprisonment. The defendant pleaded the general denial, and the jury have fround a verdict against him for twelve hundred and fifty dollars. A motion for a new trial was made, which having been overruled, the defendant has appealed from the judgment rendered in accordance with the verdict.

The first question is whether the defendant was the prosecutor and made the affidavit on which the plaintiff was arrested and imprisoned. A copy of the commitment was received in evidence which recites that the plaintiff, *N. S. Hall*, had been arrested on the information of *Joseph A. S. Acklen*, made on oath before the magistrate, charging the said *Hall* with having, on or about the 12th of March, 1852, taken possession of a certain tract of land, leased by *Acklen* from *A. D. Wooldridge*, Chief Engineer of the State. The copy is certified by the constable to whom it was addressed, to be a true copy of the original commitment in his hands, and is shown to be the same copy which was appended to a petition for a writ of *habeas corpus*, presented by the plaintiff, while in imprisonment, and it is also sworn to be a true copy, by the constable, who was introduced on the trial as a witness. The defendant objected to its reception, on the ground that it was not the best evidence; that the original should have been produced or accounted for, and also that it was not the best evidence to show that defendant was the prosecutor. The court below received it, with the restriction that it was not proof, *per se*, of the defendant being the prosecutor or that the plaintiff was imprisoned at his instance, and to this ruling the defendant excepted.

The rule which requires that the best evidence must be given of which the case is suceptible, only applies to reject secondary evidence where better evi-

dence is in the possession or power of the party offering it, and where there is a well grounded belief that the original of a document of a public nature is kept back by a design, even a sworn copy would be inadmissible.

The copy offered in evidence was taken from the original commitment while in the hands of the officer to whom it was addresed. The magistrate by whom it was signed, had removed from the parish, and the constable and jailer were both interrogated as witnesses, and proved that the original was no longer in their possession. The copy of the commitment was, under these circumstances, admissible in evidence to show that the plaintiff was arrested and imprisoned by virtue of a warrant which purported to have been issued on the affidavit of the defendant.

The commitment alone, however, was not evidence sufficient to establish the fact that the defendant was the prosecutor, or that he had made such an affidavit as is recited in it, and the Court imposed the necessary restriction in receiving it. The affidavit itself, or proof by an examined copy, was the proper evidence and the only admissble documentary evidence to establish, *per se*, that the defendant was the prosecutor. 2 Starkie on Evidence, p. 918. If there had been no other evidence of that fact but the commitment, the action could not be maintained, but evidence was received on the trial without objection, to prove facts which show, in connexion with the commitment, that the plaintiff was arrested at the instance of the defendant. The presence of the defendant at the office of the committing magistrate, and his employing counsel to oppose the application of the plaintiff for his discharge on a writ of *habeas corpus*, when the same copy of the commitment, used as evidence in this case, was used in suing out the writ, are facts which furnish conclusive evidence of the defendant's being the prosecutor, and of the arrest and imprisonment having been made on the charge as stated in the commitment. Unleess it could have been shown that it was in the power of the plaintiff to produce the affidavit itself, this species of evidence was free from objection. The fact is also shown by other evidence, to which no objection was taken, on the ground that the affidavit itself should have been produced.

There are three other bills of exceptions on the part of defendant to the reception of evidence.

1st. The exception, we think was well taken, to the competency of *Cyrus Ratliff*, the plaintiff's counsel, as a witness, on the gound that by his agreement with the plaintiff, he was to receive 25 per cent. on the amount recovered in the suit. The interest he had in the result rendered the witness incompetent, but he has deposed to no material fact which is not proved by other testimony.

2d. The testimony of *Andrew Worley*, *Peter Hearn* and *John Hopkins*, taken under commission, was objected to on the following grounds: 1st, that the commission issued without any order of court; 2d, that no notice of the time and place of taking this testimony was given to defendant or his counsel, although they had declined filing cross-interrogatories, and reserved the right of being notified of the time and place of taking the depositions. The court below overruled the objections on the ground that the defendant had answered to a rule taken on him, to show cause why the depositions should not be used, by stating these objections, and had lost his right to urge them by failing to call up the rule and have it disposed of before the trial. We think his honor erred in overruling the objections on that ground, but the objections in themselves were untenable; the commission was issued within the State, and no order of court was necessary, nor was it necessary that the defendant should be notified

of the time and place of taking the depositions. The evidence was therefore properly received.

3d. The defendant offered to prove by the Judge himself and by witnesses who were present on the trial of the *habeas corpus*, that the Judge, in pronouncing his opinion, discharging the plaintiff, expressed a doubt as to his guilt. The testimony, we think, was properly rejected. The facts proven on the trial of the writ of *habeas corpus* were not taken down in writing, and it could not appear on what state of facts the Judge then formed an opinion. He might have entertained doubt from the absence of facts which were not shown on that trial, but which are shown on this. The trial of a writ of *habeas corpus* does not involve a decision on all the facts tending to establish the guilt or innocence of the accused. If the plaintiff had been indicted for the offence and tried, and upon all the evidence, the jury had deliberated as to his guilt, that fact, it appears, by the authorities cited, would be admissible as evidence of a probable cause. Starkie on Evidence, 2d vol., 916. But doubts which the Judge may have entertained and expressed on a preliminary investigation, not involving all the evidence as to the guilt or innocence of the accused, ought not to be received as evidence of probable cause, in an action for malicious prosecution. And when, as in the present case, it is the same Judge presiding over the trial before the jury, it would be manifestly improper to permit his opinion to exercise any influence over the jury, except by the expression of it while in the proper discharge of his duties as Judge.

On the merits, it appears, by the evidence, that the plaintiff was arrested, taken to a considerable distance before a magistrate and committed to prison, where he remained for the space of five days, on the charge of having taken possession of a tract of land on the Mississippi river, which the State recently purchased for the purposes of internal improvement, and which the defendant claimed to have leased from *A. D. Wooldridge*, Chief Engineer of the State. The document offered in evidence to establish the lease, is an act under private signature, in the following words: "I hereby authorize *Joseph A. S. Acklen* to take possession and have entire control of a certain piece of land belonging to the State of Louisiana, on the east bank of the Mississippi river, near the Raccourci cut-off, and to continue in possession of the same till it is disposed of by the State of Louisiana." signed *A. D. Wooldridge*, State Engineer, dated 28th Feb., 1852, and appears to have been placed on record in the office of the Recorder of West Feliciana on the 30th March, 1852, the day after the plaintiff was arrested. This act, as appears on the face of it, was not a lease of the land.

The arrest was made under the 4th sec. of an Act of the Legislature, of the 6th April, 1843, Session Acts, p. 79, which provides "That any person who shall, after the passage of this Act, take possession of any tract of land, or any part thereof, or of any house or tenement, being the property of another person, without any legal right to do so, shall be guilty of a misdemeanor, and on conviction thereof, shall be punished by fine or imprisonment, or both." The first section of this Act makes it a misdemeanor, punishable by fine or imprisonment, to cut or carry away timber growing or lying on the land of another. By an Act of the Legislature, passed the 17th March, 1852, but which had not the effect of a law at the date of the plaintiff's arrest, it is made a penal offence to cut down or destroy timber on any land belonging to the State, for the purpose of trading or selling the same. These are the only laws having any bearing

whatever on the offence the plaintiff was⁹ charged with having committed, <span style="float:right">HALL<br>*v.*<br>ACKLEN.</span> and the only evidence offered to show that he had violated any of them, was that he had charge and possession of a steamboat hull, loaded with cord-wood, which was moored and fastened to the river bank in front of the land be-longing to the State. The plaintiff was employed as a hand by Capt. *Worley*, to whom the boat belonged, and in the absence of his employer, on being notified by the defendant's agent to remove the boat, he promised to do so on the re-turn of Capt. *Worley*, or sooner, if he could charter a boat to remove her. Hav-ing failed to do so, after Capt. *Worley* had returned, the defendant thought him-self justified in causing him to be arrested and imprisoned, on the charge of taking possession of the land.

The plaintiff had committed no offence under any of these statutes, and when arrested on the boat of his employer, moored at the river bank, he was as much under the protection of the law, as if he had been in his own house. It has not been seriously contended before us that the plaintiff was guilty of any offence against the law, but it is contended that in an action like this the plaintiff is bound to prove both malice and want of probable cause, and that he has failed to do so. Both of these ingredients, it is conceded, are by clear authority indis-pensable to entitle a plaintiff to recover in an action for malicious prosecution.

It is, however, equally well settled that malice may be inferred from the want of probable cause. It is an inference of fact which the jury may or may not draw from the want of a probable cause. We have no reason to believe the jury was not properly instructed in the charge given to them by the Judge, and by their verdict it appears they did infer malice from the total want of any legal ground for the imprisonment. See *Johnson* v. *Chambers*, Iredel's N. C. Reports, 10th vol., p. 287.

The defendant does not appear to have acted on the advice of counsel before causing the arrest and imprisonment of the plaintiff, although it is shown he employed counsel to oppose the plaintiff's discharge on the *habeas corpus.* The question, therefore, how far a party who causes another to be illegally arrested may be protected, or how far he may have the right to claim a mitigation of damages, by showing that he acted on legal advice, does not arise in this case.

The verdict met the sanction of the Judge who tried the cause and carries with it a moral weight which commands our approval.

The judgment of the court below is therefore affirmed with costs.