## No. 7133:

### SIMON BLOCK VS. MEYERS & LEVY.

Malice may be inferred from want of probable cause for the arrest of a debtor, and, therefore, needs not be proved, though the presumption is subject to rebuttal.

It is only where there exists a probable cause and the arrest is effected under the advice of learned Counsel, consulted in good faith and on correct information of the facts, that a party can be exonerated from damages on the plea that he acted under legal advice.

A PPEAL from the Sixth District Court for the parish of Orleans. *Rightor*, J.

*Kennard, Howe & Prentiss* for Defendant and Appellant:

First—To recover damages for false arrest, the arrest must have been

    (a). Malicious.

    (b). Wanton.

    (c). Without probable cause; and there must be

    (d). Proof of actual damages.

Second—Attorney's fees cannot be allowed as damages.

Third—Sales made out of the usual course of trade are denounced by the bankrupt law as "prima facie fraudulent," and this sale being proven, there was ample probable cause for the arrest.

Fourth—This sale, a most extraordinary one, was an "*omnium bonorum* sale" fraudulent under State law.

*Breaux & Hall* for Plaintiff and Appellee:

First—To recover damages for false imprisonment, plaintiff must prove his trial and discharge; want of probable cause and malice, but slight evidence of malice will suffice. 3 Rob. 18; Long vs. Rodger, 19 Ala. 321.

Second—Where the arrest is not within the law, the arrest is without probable cause and malicious. Mortimer vs. Thomas, 23 An. 165; U. S. Revised Statutes, 5024.

Third—Damages in cases of malicious arrest will be inflicted in an amount sufficient to compensate the plaintiff and to amply punish the defendant. Hardy vs. Stevenson, 29 An. 174; Fitzgerald vs. Boulat, 13 An. 116.

The opinion of the court was delivered by

BERMUDEZ, C. J. This is an action in damages for a malicious arrest.

The petition sets forth allegations usual in such suits, and prays for $5000 damages. The defendants plead the general issue, probable cause, absence of malice on their part and of injury by the plaintiffs.

There was judgment for $1000, and the defendants have appealed.

It appears from the evidence that the defendants in this case brought suit against Block Bros., composed of Joseph and Simon Block, before the U. S. District Court in this city, sitting in bankruptcy, to have them declared bankrupts, they being merchants who had suspended payment of their commercial paper and who had not resumed payment within the time fixed by law. They coupled with the allegations of their petition a charge that Block Bros., under the name of Joseph Block & Co., a firm composed of themselves only, had made a sale

of the entire stock and effects contained in their store at Opelousas, to one Solomon Isaacs, their brother-in-law, with the intent to delay, hinder and defraud the creditors of the said Block Bros., by placing those assets beyond their reach, with a view that the same might not be made liable for the just claim of the petitioning and other creditors, and in violation of the provisions of the bankrupt act in such cases made and provided.

The Bankrupt Court granted the order, the warrant issued, Simon Block was arrested by the Marshal, who produced him the next day in open court and held him subject to further orders.

He was arrested on the afternoon of the 21st of January, 1874, while at dinner with his family. He left them much alarmed. He was taken to the Customhouse, and remained under arrest until the following day at three o'clock, when he gave bond and was released from custody. A few days afterwards, through counsel representing also his brother Joseph, who had also been arrested in Opelousas, but who is not a plaintiff in this suit, the Blocks moved the court to dissolve the arrest, which was *instanter* done contradictorily with the complainants, on the 31st, following.

That judgment is not before us for review. We must take it as having been correctly rendered.

We have authority to look into the facts connected with the arrest, for the sole purpose of determining whether there was probable cause for the arrest, malice on the part of the complainants and injury to the arrested party.

We do not perceive that any evidence was offered on the trial of the rule, and must, therefore, assume that the court decided, on the face of the papers, that the order had been improvidently rendered and that the defendant, Simon Block, had been wrongfully arrested. The court, therefore, ruled that no cause had been shown in the petition for the arrest.

It seems to us that, under Sec. 5024 of the bankrupt statute, no cause was indeed shown. The only causes for which a bankrupt can be arrested, under its provisions, are, that he is about to leave the district and that he has made, or is about to make, a fraudulent disposition of his goods and chattels. The firm of Block Bros., sued before the bankrupt court, was held not to be the same as that of Joseph Block & Co., though composed of the same members, who had made the sale assailed as fraudulent. The case presented was not within the purview of the act and the writ was quashed.

It is, therefore, clear that there was not only no probable cause, but no cause whatever to justify the complaint and the arrest.

The authorities are numerous that in such a case, malice may be

inferred and, therefore, need not. be proved, although the presumption be subject to rebuttal. 4 An. 377; 8 An. 12; 11 An. 289; 9 An. 219; 12 An. 332; 13 An. 116; 15 An. 121, 337, 605, 672; 16 An. 3, 252; 20 An. 66, 336.

In 23 An. 165, the Court said: " We have no doubt that Thomas, the creditor, merely desired to collect the claim due him by the plaintiff, but the utter want of probable cause for the arrest shown on his petition for arrest is a sufficient ground for inferring malice."

The fact that the complainants acted under advice of counsel, cannot exonerate them from responsibility in a case in which, on its face the petition sets forth averments utterly insufficient to justify the harsh and violent remedy invoked. It is only where there exists probable cause and the arrest is effected under the advice of learned counsel, consulted in good faith and who are correctly informed of the facts, that parties can be exonerated from such damages. 8 An. 12; 11 An. 289; 9 An. 219; Greenleaf, 2 v. 459; Townsend, 427, 418, 431.

We are not prepared to say that express malice was not shown on the part of the complainants.

The lower court allowed plaintiff one thousand dollars. We are not authorized to declare that the indemnity was excessive.

The judgment appealed from is affirmed with costs.

Mr. Justice FENNER recuses himself, having been of counsel.