## No. 314.

### J. F. PACE VS. J. P. AND P. A. AUBREY,

### J. C. BENNETT VS. J. P. AND P. A. AUBREY,

#### CONSOLIDATED.

In case reputable citizens are wantonly and illegally arrested and incarcerated in jail, on "trumped up" and purely gratuitous charges of grave crimes committed, and thereafter the prosecutor confesses that his only purpose was to procure immunity from prosecution for his brother for the same offense, the prosecution is malicious and without probable cause, and damages should be awarded.

APPEAL from the Third District Court, Parish of Claiborne. *Barksdale, J.*

------

*J. A. Richardson* and *J. E. Moore* for Plaintiffs and Appellees.

------

*McClendon & Seals* for Defendant and Appellants.

------

The opinion of the court was delivered by

WATKINS, J. These consolidated suits are, each one respectively,

against the defendants *in solido* for $5000 damages for a causeless and malicious prosecution of said plaintiffs, respectively, wholly without probable cause and with malice and ill will.

On these issues of fact and law the causes were consolidated and put to a jury, who rendered a verdict of $500 in favor of each of the plaintiffs against J. P. Aubrey with cost. From that verdict, and the judgment thereon rendered that defendant has appealed—the other defendant having been discharged.

The following is a substantial synopsis of the principal facts to be considered:

On the 13th of October, 1890, the defendant, J. P. Aubrey, made a sworn complaint before a justice of the peace of the neighborhood against the two plaintiffs, charging them with having set fire to and burned the dwelling house of the plaintiff, J. F. Pace, on the 9th of October, previously.

On this charge the accused parties were arrested and incarcerated in jail, for a short while, pending the preliminary examination.

A hearing was had before the judge of the district court on the 4th of November, following, and thereat they were discharged. Subsequently the case was duly presented to the grand jury, and they ignored the complaint.

It appears that some time recently, previous to these occurrences, Lum Aubrey, a brother of J. P. Aubrey, had been on trial for the burning of his own storehouse and hotel to obtain the insurance; that he was acquitted of the charge, but another prosecution was pending against him connected therewith; and that the plaintiffs, Pace and Bennett, had been prominent as witnesses against said Lum Aubrey, while the defendant, J. P. Aubrey, had been a witness for his brother, aforesaid. The residence of Pace was consumed by fire soon after this trial was concluded, and public suspicion was directed against Lum Aubrey and a negro living with him. An affidavit was made against Lum Aubrey on the day after the fire, and he disappeared; and two days subsequently J. P. Aubrey made the stated complaint against the plaintiffs. J. P. Aubrey was, at the time, cognizant of the complaint against his brother, had inquired into the matter, and consulted with friends.

On the night plaintiff's house was burned, a conversation between him and a *friend* was overheard in reference to the proceedings that were to be taken to relieve Lum Aubrey, and to suppress the warrant

against him.   In accordance therewith the friend and counsellor of the defendant, J. P. Aubrey, visited the village in the community with the purpose in view of effecting a compromise, and pursuant thereto intimated that the affidavits against the plaintiffs would be withdrawn.

An additional important and confirmatory fact, one worthy of due consideration, is that an apparently trustworthy person states that *on the very date* the plaintiffs were arrested and jailed, the defendant, J. P. Aubrey, told him " he had sworn out [the] warrant against Pace and Bennett, but that he did not intend to have them arrested, and that he had sworn out the warrant to effect a compromise of the case against his brother." That the defendant stated his object to be " to get up a compromise in his brother's case and get the people of Athens to withdraw the warrant ; that he would leave the community ; he wanted to be free [so] he could take his family with him."

There is a great deal more of this kind of evidence in the record, and in our opinion, it makes out quite a clear case for damages.   It is manifest that the charges brought against the two plaintiffs were " trumped up," and purely gratuitous.   That they were not seriously made, nor well grounded, is shown by the defendant J. P. Aubrey's own statements.   The prosecution of the plaintiffs was wholly and confessedly without probable cause.   Weil vs. Israel, 42 An.; Savoie vs. Scanland, 43 An.

The appellees have requested no increase in the allowance awarded, and the appellant assigns no special ground for relief; and none is apparent.   We think the jury were moderate in their appreciation of the damages sustained; but they followed precedents.

Judgment affirmed.