PROVOSTY, J.
This is a suit for divorce on the ground of adultery.
The first question is as to the name in which the suit has been brought. Plaintiff was married .under the name of Robert Palestine, and goes by that name in the community in which he lives, and yet the suit is brought in the name of Robert Palestine De Renzes. The Code of Practice requires that the petition shall mention “the name, surname and place of residence of the plaintiff.” Article 172. This means that the plaintiff shall bring suit in his real name; not in a fictitious name. Especially in a' case like the present one, involving civil status, is this requirement important. Defendant was not married to De Renzes, and her marriage name is not De Renzes; but to Palestine, and her marriage name is Palestine. But plaintiff’s learned counsel explains that De *Renzes is plaintiff’s real name, it being the name of his mother, and he bearing, as is the custom in Spain, the country of his nativity, the names both of his father, Palestine, and his mother, De Renzes. If this is so, plaintiff has sued in his real name, and the suit can be maintained. If it is not so, the suit will have to be dismissed. We shall afford him an opportunity to offer evidence on the subject.
The next question is as to the regularity of the execution of the commission under which were taken the depositions by means of which plaintiff has proved up his case. The commission was directed to “any judge, justice of the peace, or Louisiana commissioner,” and was executed by a notary public ; that is to say, by an officer to whom it was not directed. The most casual reading of articles 425, 426, 431, 432, 437, and 438 of the Code of Practice leaves no doubt at all upon the mind that the commission must be directed to the officer who is to execute it. They so prescribe in express terms. Indeed, it stands to reason that the officer must have some written authority from the court. Learned counsel says that the authority of the officer results from the order directing the testimony to be taken and the commission to issue, and not from the com-, mission itself; and in a sense he is righi, since the commission is, after all, but the evidence of the authority. But, considering that the order, following the requirement of the Code, in express terms requires that a commission shall issue for the taking of the testimony, we do not see how this commission could well be said not to be necessary.
Another question is as to whether defendant was entitled to be notified of the time *352 and place of the taking of the testimony-under the commission; she residing at the place where the depositions were to be taken. Before the commission was sent on, the curator ad hoc, representing defendant, who is an absentee, requested to know when and where the depositions would be taken, and was denied the information. Article 438 of the Code of Practice requires such notice to be given; but that article was amended by Act No. 83, p. 152 of 1828, now section 611 of the Revised Statutes, which dispenses with such notification when interrogatories are annexed to the commission and communicated to the opposite party. This amending law has been repeatedly held to have done away with the necessity of the notification. Gasquet v. Johnson, 1 La. 425; Bradford v. Cooper, 1 La. Ann. 325; Hall v. Acklen, 9 La. Ann. 219. In this case the interrogatories were crossed; hence defendant was not entitled, as matter of right, to any further notice.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the case be remanded, to be proceeded with in accordance with the views herein expressed; plaintiff to pay the costs of appeal.