## SWEETEN v. FRIEDMAN AND WIFE

(August 13, 1928. Opinion and Decree.)

E. A. Theard and W. F. Conkerton, of New Orleans, attorneys for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. The plaintiff claims $20,000 damages for physical injuries and for false arrest.

She alleged that she answered an advertisement published by the defendants in the Times-Picayune in the following words:

"Permanent wave, 6 months guarantee, this week $7.60"; that she entered defendant's place of business conducted under the name of "Parisienne Hair Store" at No. 111 University Place, to obtain a permanent wave in accordance with the advertisement; that without any request on her part she was first given a "shampoo" and afterwards the defendants' employees proceeded to give her a permanent wave; that through their negligence, they burned and bruised plaintiffs head and scalp until the blood flowed down her face, and caused her much pain for which she was treated by a doctor for several weeks; that her hair has been ruined and has fallen; that although her hair has not been permanently waved she offered to pay defendant $7.60 plus 75 cents for the shampoo which defendant refused to accept, claiming in addition the price of a water wave which she had not received; that thereupon the defendant, Samuel Friedman, insulted her in the presence of a large crowd of patrons, shook his finger in her face and threatened to have her arrested, and locked the door of the establishment, saying that he would not let her out until she paid $1.50 for the water wave; that he kept petitioner imprisoned in his store for at least 30 minutes until the arrival of a policeman; for all of which she claims the following damages:

| | |
|---|---|
| Physical pain from burns | $5000 |
| Insults | 5000 |
| False imprisonment | 5000 |
| Injury to her hair | 5000 |
| Total | $20,000 |

On exception the suit against Mrs. Friedman was dismissed.

Sam Friedman admitted the advertisement and the fact that the plaintiff had called in his parlors, but denied all the other allegations of the petition. Further answering he averred that the condition of plaintiffs hair was such that no work could be done until it had been properly cleaned and shampooed, to which the plaintiff agreed, and that if she suffered a slight burn she had assumed such a risk and signed a release in favor of defendant; and that when she was called upon to pay she created "such a disturbance in defendants place of business that the police had to be called as a matter of precaution."

There was judgment for damages in favor of plaintiff for the burning and suffering $500, and for the wrongful closing of doors and detention of plaintiff $500 more, making in all $1000.

From this judgment the defendant has appealed.

The advertisement read as follows: "Permanent Wave 6 months. Written guarantee. This week $7.60."

The facts of the case are that the plaintiff read the advertisement we have copied above and then called at the defendant's place of business to have a permanent wave for $7.60; that her hair was first shampooed, then she took her seat in a chair and her hair was wrapped to receive the electric treatment; that while the operation was going on, she suffered from the excessive heat and called off the machine on three occasions in the space of 25 minutes; at the termination of the treatment her head was burned and blistered in several places and from a few spots blood was oozing; these accidents happen sometimes but not often;

she was then told that she would be given the "water wave"; she refused to take it then, because there was an extra charge of $1.50 for it, although there could be no permanent wave without a water wave; presented by the defendant with a bill for $9.85, composed of $7.60 for the permanent wave, 75 cents for the shampoo, and $1.50 for the water wave, she denied owing more than $7.60, but finally offered to pay $8.35, being $7.60 for the permanent wave and 75 cents for the shampoo, but positively refused to pay for the water wave because, she said, she had refused to take it and had not taken it; thereupon a loud and animated discussion took place between the plaintiff and Samuel Friedman and he told her that she would not leave his place until she had paid the full bill, $9.85, and with that he proceeded to close the exit door and stood over it to carry out his threat. Mrs. Friedman, who was occupied in the adjoining room, hearing the discussion, walked into the parlor to inquire into the cause of it; her husband directed her to call for the police through the phone, which she did; at the expiration of some twenty minutes, during which the defendant guarded the door and the plaintiff was restrained from leaving the room, a policeman arrived and inquired as what was the trouble; the defendant told him that the plaintiff refused to pay him what she owed him, to which the officer answered that he was not a collector and that he had better resort to a Civil Court; on the suggestion of Mrs. Friedman, Mr. Friedman accepted of the plaintiff $8.35 and she walked out with the policeman. At the expiration of several hours she visited a doctor who cauterized her scalp and put salve upon it, and for two weeks she could not sleep because it pained her so; she finally went to a barber and got

her hair trimmed; it was three weeks before the scabs came off, leaving scars on her head.

It was certainly an illegal exaction on the part of the defendant to demand payment for the shampooing and the water wave. He had advertised "permanent wave" for $7.60 and in-as-much as the shampooing and the water wave formed part of the "permanent wave" the defendant had no right to demand more than $7.60 for the services necessary to attain a complete "permanent wave."

We consider $500 a reasonable amount of damages for the injuries inflicted upon the plaintiff.

We are of the opinion, however, that $500 is excessive for the illegal detention of the plaintiff for some twenty minutes without pecuniary loss and in the presence of only a few persons.

False imprisonment has been defined in Crossett vs. Campbell, 122 La. 650, 48 So. 141. It is the unlawful restraint of the liberty of locomotion of a person. See Wells vs. Sheriff, 52 La. Ann. 723, 27 So. 185.

In the case of James vs. Wilson, 119 La. 491, 44 So. 275, plaintiff was arrested at a railroad station, marched to the Mayor's office, where he was chained to the floor with a chain fastened to the floor for two hours—arrest groundless. Damages $500.

In the case of Smith vs. Dulion, 113 La. 882, 37 So. 864, plaintiff was arrested in the street of Covington and after a struggle and with the assistance of two citizens dragged to jail, where he remained about an hour. Damages $100; same in Roberson vs. Town of Arcadia, 134 La. 117, 63 So. 758. In Wells vs. Sheriff, 52 La. Ann. 727, 27 So. 185, the plaintiff was arrested at his home at 9 o'clock at night, carried to Monroe and incarcerated in jail for eight days. Damages $300.

In Gann vs. Varnado, 51 La. Ann. 370, 25 So. 79, the plaintiff on September 24th was arrested "publicly in his own store in the presence of his clerks and customers and in the near vicinity of his own family and residence" and carried to the parish jail, where he was kept in custody by the sheriff until September 28th, when he was released on a bond of $500 for his appearance in Court to answer said charge of robbery of one bale of cotton. Damage $500.

In Pace vs. Aubrey, 43 La. Ann. 1052, 10 So. 381, the defendant on October 13th charged plaintiffs with arson and caused their arrest and incarceration until November 4th, when they were discharged. Damage $500.

In Block vs. Meyers, 33 La. Ann. 776, the plaintiff was arrested on January 21, 1874, while at dinner with his family; he was taken to the custom-house and released the next day at three o'clock. Damages $1000.

In Hardy vs. Stevenson, 29 La. Ann. 173, the plaintiff, a woman, was arrested, charged by defendant with insult and abuse and incarcerated in prison where she remained in a filthy cell for about ten hours. Damages $1500.

King vs. Dittrich, 28 La. Ann. 243, imprisonment. $1000. 24 La. Ann. 336.

Mortimer vs. Thomas, 23 La. Ann. 163, under arrest three and a half hours, and detained six days. $500.

Block vs McGuire, 18 La. Ann. 417. $150.

In Hall vs. Acklen, 9 La. Ann. 219, the plaintiff was arrested, taken a considerable distance before a magistrate and

committed to prison where he remained for the space of five days. $1250.

It will be perceived that in all the above cases the plaintiff had been incarcerated in a public prison and subjected to all the humiliation of such a condition. In the present case the plaintiff was merely deprived of her freedom of locomotion for some twenty minutes in an elegant parlor. We think $250 sufficient compensation. A larger amount would resemble vindictive damages.

It is therefore ordered that the judgment herein be amended and reduced in capital to seven hundred fifty dollars, and as thus amended that it be affirmed at the cost of defendant in both Courts.