## CASSIDY v. BEAUTY STUDIO, Inc.*

### No. 14278.

Court of Appeal of Louisiana. Orleans.

Nov. 28, 1932.

W. H. McClendon, of Amite, for appellant.

R. T. McBride, of New Orleans, for appellee.

HIGGINS, J.

The plaintiff brought this action to recover the sum of $275 for damages for personal injuries and medical expenses said to have resulted from the negligence and carelessness of the defendant's employee in burning the back of petitioner's head and neck while she was having her hair curled in the defendant's place of business in this city on February 5, 1932, about 3 o'clock p. m. Defendant denied liability, and averred that the services of its employee were performed in a competent and efficient manner by a trained and experienced operator, with the latest equipment for placing permanent waves in ladies' hair; and that, if the plaintiff suffered any discomfort or pain, it was the natural and ordinary result of performing work of that character, and that the plaintiff, therefore, assumed the risk. There was judgment in favor of the plaintiff in the sum of $200 for physical injuries, pain, and suffering, and $25 for medical services, or a total of $225. Defendant has appealed.

Plaintiff testified that, while the defendant's operator, Mrs. Reeves, was applying the electric curling machine to her hair, and after the heat had been applied for several minutes, she complained of severe burning on the back of her head, but was assured by the operator that a certain amount of heat had to be endured by any one who had her hair curled. She further stated that the pain was almost unendurable, and that, when the operator was removing the curling mechanism, one of the iron curling apparatuses fell on her neck and burned it; that unguentine was applied to the burns; that she went home, and the pain became so severe that she was unable to sleep, and the following day she called in Dr. H. B. Alsobrook, who attended her from February 6 to February 24; that she was treated every day for six days and every other day for the balance of the period of time she was under his care.

Dr. Alsobrook testified that, upon examining the patient, he found a first degree burn on her neck, which he described as being a burn which causes the skin to become red and the top layer of skin, or epidermis, to peal off. He also found first and second degree burns on the back of her head, and explained that a second degree burn was one that went through the skin to the connective tissues, or flesh. He administered opiates to relieve her pain, and testifies that on the fourth day the second degree burn became infected, which infection lasted for a period of two weeks, causing a swelling of the glands in the neck, and considerable pain and suffering, and that the second degree burn left a scar on her

---

*Rehearing denied December 19, 1932.

scalp. He corroborated the plaintiff's testimony as to the number of visits for treatment and the duration of her disability. His fee was $25.

Mrs. Muller, the president of the defendant company, and Mrs. Reeves, who waited upon the plaintiff, both testified that the machine used to curl plaintiff's hair was in good condition and was the latest equipment designed for that purpose. They described the rather complicated process of its application, which requires the attention of a trained and experienced person. They also testified that Mrs. Reeves was a trained, experienced, and registered beauty specialist, and licensed to practice in this city. Mrs. Reeves denied that the plaintiff's scalp was burned, but admitted that, after the heat had been applied for several minutes, the plaintiff complained of severe burning on the back of her head, and also admitted that the scalp was red. She believed that the redness of the scalp was in accordance with the experience of other patrons, the binding of the hair tightly together with the application of the heat causing the reddened condition of the scalp. She further denied that any hot part of the curling apparatus had fallen on the plaintiff's neck. But both of these witnesses testified that, while a patron who is having her hair curled is subject to some discomfort from the heat and the binding of the hair, in over a thousand cases that Mrs. Reeves handled she had not burned anybody's scalp or neck.

■■■ Since Mrs. Reeves admits that she was the one who waited upon the plaintiff, and Dr. Alsobrook, who treated the plaintiff for her injuries, was positive that there were first and second degree burns on plaintiff's head and neck, it appears to us that the record sufficiently establishes the fact that these burns were inflicted during the process of curling her hair. Now, as both Mrs. Muller and Mrs. Reeves, as beauty experts, testified that, if the curling machine is properly handled and applied, the patron will not suffer any burns, it follows that, if burns do result, the operator is guilty of negligence in applying it, or the machine is not in good mechanical condition. In either event the defendant's employee would be guilty of negligence for which defendant would be responsible. Barnett v. Roberts, 243 Mass. 233, 137 N. E. 353; Sweeten v. Friedman et ux., 9 La. App. 44, 118 So. 787; Sebastian v. Jenness et al., 16 La. App. 158, 133 So. 468; Resor v.

Capelle (La. App.) 140 So. 699. But the defendant's evidence established the fact that the machine was in first-class order, consequently the conclusion is inescapable that the operator was guilty of negligence and carelessness in applying it to and removing it from the plaintiff's head.

■ Counsel for defendant secondly argues that, as the infection in the second degree burn set in on the fourth day, the defendant is not liable for any damages for any pain, suffering, and fees for medical attention rendered in curing it. The medical testimony of both parties is to the effect that there are ever present on the skin numerous germs, which are ready to attack the body whenever an opportunity presents itself; that any wound, burn, or abrasion of the skin affords these germs an opportunity to infect the injured part, provided the natural resistive power of the individual is insufficient to throw off the attack. Dr. Faust testified, as well as Dr. Alsobrook, that in their opinion, if the plaintiff had not been burned, she would not have suffered the infection. We therefore experience little difficulty in coming to the conclusion that the proximate cause of the infection was the carelessness and negligence of the defendant's employee in causing the burns to plaintiff's head. Roth v. Russell, 141 La. 581, 75 So. 418; Lapleine v. Morgan's L. & T. R. & S. S. Co., 40 La. Ann. 661, 4 So. 875, 1 L. R. A. 378; 8 R. C. L., p. 436.

■ Finally, counsel for defendant argues that the plaintiff assumed the risk of being burned in having her hair curled. The witnesses for the defendant established that it was unusual for a patron to be burned, and that the only unavoidable discomfort was the pulling of the hair because of the tight binding and the heat, which caused the scalp to become red. The plaintiff is not suing for the discomfort due to the binding of her hair and the heat from the curling machine, but for burns negligently inflicted upon her neck and her head, which were avoidable.

■ As to the quantum, from what we have already said with reference to the medical testimony and the plaintiff's testimony, it appears to us that the medical expense of $25 is reasonable, and the award of $200 for physical injuries, pain, and suffering is fair.

For the reasons assigned, the judgment is affirmed.

Affirmed.