## SMITH v. YORK.
### No. 14605.

Court of Appeal of Louisiana. Orleans. Jan. 29, 1934.

Samuel J. Tennant, Jr., of New Orleans, for appellant.

Theo. H. McGiehan, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff alleges that as the result of having her hair treated in the establishment of defendant she received a burn on her head. She prays for judgment for $285 to compensate her for suffering, nervous shock, and the cost of medicines and professional attention by her doctor. Defendant denies that the burn resulted from the treatment given in her beauty shop and suggests that plaintiff did not suffer from a burn at all, but from an infection of her scalp.

Judgment below was rendered in favor of plaintiff in the sum of $110. Defendant has appealed and plaintiff has answered the appeal contending that the amount awarded is insufficient.

The evidence leaves us in doubt as to whether the burn resulted from improper use of the electrical device or from the application by plaintiff of hair dye to her hair too soon after it had been treated in defendant's establishment. Defendant has shown that there was applied to plaintiff's head a certain chemical preparation which is so powerful that for some time after its application no dye should be applied to the hair because of the chemical reaction which results. In spite of plaintiff's denial that she applied dye to her hair, we are convinced that she did do so, and, in view of the fact that the burn did not make itself manifest until several days after her hair had been treated, we believe that the probability is that it resulted from the application of hair dye too soon after the use of the other chemical. But if the injury resulted from the use of the hair dye, nevertheless defendant is liable. The nature of the chemical preparation used in defendant's establishment was well known to defendant. On the bottle from which it came was a warning that hair dye should not be used within a considerable period after its application. It is a well known fact that many women are given to the use of hair dye, and, in view of this and of the fact that the defendant unquestionably had knowledge of this prevalent custom, a warning should have been given plaintiff to abstain from the use of hair dye for a sufficient period of time after the application of the chemical preparation.

On the other hand, if the injury resulted from the use of the permanent waving device and the application of too much heat,

then defendant would be liable, for, whether the device was defective, or the operator careless, would make no difference since, in either case, the damage must be held to have resulted from the negligence of defendant or of her employee. Sebastian v. Jenness, 16 La. App. 158, 133 So. 468; Sweeten v. Friedman, 9 La. App. 44, 118 So. 787; Cassidy v. Beauty Studio, Inc. (La. App.) 144 So. 517; Resor v. Capelle (La. App.) 140 So. 699.

Though there is no allegation as to the alternative possibility that the burn may be a chemical one, the evidence on this point is in the record and we may take that possibility into our consideration.

■ That plaintiff deliberately attempted to mislead the court in certain particulars, of course, throws suspicion on her entire testimony, but does not require that it be entirely disregarded. The judge, a quo, was persuaded that, in the main, her testimony was truthful. The evidence is manifestly insufficient to justify a reversal of his finding on the question of fact.

■ Fortunately the burn was not of a serious nature and the amount allowed does substantial justice.

The judgment appealed from is affirmed at the cost of appellant.

Affirmed.