AYRES, Judge.
This is an action in tort. Plaintiff seeks to recover damages in the nature of personal injuries allegedly sustained as the result of the malpractice of the defendant chiropractor.
A plea of prescription of one year interposed by defendant was sustained and plaintiff’s suit dismissed. From the judgment thus rendered and signed, plaintiff has appealed.
The plea of prescription is predicated upon the provisions of LSA-C.C. art. 3536, which provides that actions resulting from offenses, or quasi-offenses, are prescribed by one year.
The record establishes that plaintiff was treated by the defendant on February 18, 20, 22, 25, and 27, 1957. This suit was filed March 25, 1958. Plaintiff contends, however, that it was not until October 4, 1957, after an examination by Dr. T. E. Banks, an orthopedic surgeon of Alexandria, Louisiana, that he knew his back had been injured. In view of this contention, it is urged that when one does not know that he has suffered an actionable injury, prescription is tolled, and, hence, the prescriptive period did not begin to run until October 4, 1957. In support of plaintiff’s position, he cites and relies upon the authority of Perrin v. Rodriguez, La.App., 153 So. 555, and urges that prescription did not begin to run until he was informed by Doctor Banks of the alleged actionable wrong committed by the defendant.
The position taken by plaintiff is, in our opinion, untenable. The facts established by the record do not support his contention. Plaintiff was treated by defendant only during the days of February, 1957, as hereina-bove enumerated. It was on February 20, 1957, the second day of his treatment, that plaintiff said he was injured. He was never treated by the defendant after February 27, 1957, as shown in the testimony of defendant’s secretary, whose testimony is uncon-tradicted. On the occasion of the treatment of February 20, 1957, plaintiff said defendant “worked” on his back and “gave me a jerk,” and, upon returning home, he lay down on a couch, from which he was unable to get up; that, after February 27, 1957, he never returned for further treatment because he was unable to walk.
In sustaining defendant’s plea, the trial court stated:
“Plaintiff Mills, himself, testified positively and repeatedly that he last saw Defendant Doty in February, 1957. He further testified most positively and emphatically that he knew his back was hurt on his second visit to the Chiropractor, the date of which, according to the evidence, was sometime in late February, 1957.
“The Court feels that the evidence clearly shows that Plaintiff was last treated by Defendant sometime in February, 1957; and that he was — and this by his own testimony — clearly aware of the alleged injury * *
With the conclusions thus reached, we are in accord. Under the factual situation of this case, wherein plaintiff, by his own testimony, shows that he knew of the injury sustained on the occasion of his second visit to the defendant, shown to be February 20, 1957, the pronouncements in the Perrin v. Rodriguez case, supra, are inapposite as, by his own testimony, plaintiff knew of de *712 fendant’s alleged wrongful act on the day of its occurrence. Therefore, the plea of prescription is, in our opinion, well-founded and was properly sustained.
Accordingly, the judgment appealed is affirmed at appellant’s cost.
Affirmed.