134 So.2d 694 (1961)
Freda BRESLER et al.
v.
Durwood NUGENT.
No. 344.
Court of Appeal of Louisiana, Third Circuit.
November 6, 1961.
William L. Koerber, Vidalia, for plaintiffs-appellants.
Hammett & Bertel, by H. L. Hammett, New Orleans, for defendant-appellee American Motorist Ins. Co.
Richard P. Boyd, Jr., Harrisonburg, for defendant-appellee Durwood Nugent.
Before TATE, FRUGE and SAVOY, JJ.
FRUGÉ, Judge.
The plaintiffs here are Freda Bresler and her husband Max Bresler who are seeking to recover certain alleged damages from Durwood Nugent. They allege for a cause of action that on October 28, 1958, the petitioner Freda Bresler underwent a hair straightening treatment at Woody's Hair Stylist, Washington, D. C., then owned and operated by the defendant Durwood Nugent, who is now a resident of Vidalia, Concordia, Parish, Louisiana. The plaintiff further alleges that the treatment given her involved the use of dangerous and highly potent chemicals; that the defendant had represented himself and his employees to be fully qualified in the proper administration of treatment but that the treatment was not properly given in that the chemical used was negligently allowed to remain on plaintiff's hair and scalp for a period in excess of that prescribed for its use, and as a result the petitioner's hair fell out in large clumps and she suffered approximately thirty five (35%) per cent complete baldness and that the conditions began to materialize immediately after the aforesaid treatment by said defendant. That as a result of the injury to her hair and scalp she suffered a severe psychic trauma and she and her husband alleged and itemized certain damages resulting from injuries to the plaintiff Freda Bresler.
The plaintiffs filed their suit in the district court on October 11, 1960, being some two years after the alleged hair treatment given to Freda Bresler on October 28, 1958. The defendant, taking the position that this suit was one in tort, filed a plea of prescription of one year based on Article 3536 of the Louisiana Civil Code, LSA. The plaintiffs take the position that this is a suit in contract and subject to the ten year prescriptive period, LSA-C.C. art. 3544. The suit was dismissed by the lower court on the plea of one year prescription interposed by the defendant on the ground that the action was in tort. The plaintiffs have appealed.
*695 From an examination of the following cases involving injuries caused to individuals from treatment received in beauty parlors, namely: Sweeten v. Friedman, 9 La.App. 44, 118 So. 787; Pailet v. Yvette Co., et al., 13 La.App. 357, 127 So. 420; Sebastian v. Jenness, 16 La.App. 158, 133 So. 468; Resor v. Capelle, La.App., 140 So. 699; Cassidy v. Beauty Studio, Inc., La.App., 144 So. 517; Mixon v. Brechtel, La.App., 174 So. 283; Cooper v. The Powder Puff, Inc., La.App., 184 So. 593; Lanza v. Metcalf, La.App., 25 So.2d 453; Bush v. Bookter, La.App., 47 So.2d 77; it is noted that in every case the plaintiff relied upon either negligence of the defendant or the doctrine of res ipsa loquitur, but since the cases did not involve prescription, the court did not enter into a discussion of nor expressly state whether this type of action was one in contract or tort, but merely considered the cases as though they were in tort.
At Chapter 16, page 481 of Prosser, Law of Torts (2nd Ed.), while commenting on the relationship between torts and contracts, Dean Prosser makes the following observation:
"Where the defendant has done something more than remain inactive, and is to be charged with `misfeasance,' the possibility of recovery in tort is considerably increased. * * * Beyond this the American courts have extended the tort liability for misfeasance to virtually every type of contract where defective performance may injure the promisee. An attorney or an abstractor examining a title, a physician treating a patient, a surveyor, an agent collecting a note or lending money or settling a claim, or a liability insurer defending a suit, all have been held liable in tort for their negligence. The same is true of contractors employed to build a structure, to install a windmill or a lightning rod, or to shoot an oil well, or a beauty shop giving a permanent wave; of suppliers of chattels, and many others. The principle which seems to have emerged from the decisions in the United States is that there will be liability in tort for misperformance of a contract wherever there would be liability for gratuitous performance with a contract." (Emphasis added.)
This court feels that the instant case can be properly analogized to medical malpractice suits and feels that the case of Kozan v. Comstock, 5 Cir., 270 F.2d 839, 844, which was cited by both plaintiffs and defendant would also control in the present situation. The Court in reaching the determination that such suits are in the nature of tort actions and that the Louisiana prescription of one year under Article 3536 would apply, stated:
"It is the nature of the duty breached that should determine whether the action is in tort or in contract. To determine the duty one must examine the patient-physician relationship. It is true that usually a consensual relationship exists and the physician agrees impliedly to treat the patient in a proper manner. Thus, a malpractice suit is inextricably bound up with the idea of breach of implied contract. However, the patient-physician relationship, and the corresponding duty that is owed, is not one that is completely dependent upon a contract theory. There are instances in which the relationship exists though there is clearly no contractual relationship between the patient and the physician. Thus, the patient may be incapable of contracting or a third person may have contracted with the physician for the treatment of the patient. Even in these instances in which no contract is present the physician still owes a duty to the patient. The duty of due care is imposed by law and is something over and above any contractual duty. Certainly, a physician could not avoid liability for * * * negligence. The duty is owed in all cases, and a breach of this duty constitutes a tort. On *696 principle then, we consider a malpractice action as tortious in nature whether the duty grows out of a contractual relation or has no origin in contract. This view that malpractice suits are tortious in nature probably represents the majority view.
"We do not mean to say that there can never be a contractual action against a physician. Generally, a physician undertakes only to utilize his best skill and judgment. When he negligently fails to do so he may have committed a tort. However, a physician may, by express contract, agree to effect a cure or warrant that a particular result will be obtained. In such instances an action in contract may lie against a physician. However, in the absence of a special warranty or contract, a malpractice suit against a physician is an action in tort and is subject to the limitation period for tort actions."
The position taken above by the United States Fifth Circuit Court of Appeals was identical to the position taken by the Second Circuit Court of Appeal of Louisiana in the case of Mills v. Doty, 116 So.2d 710. In this case a patient brings an action against a chiropractor for allegedly injuring his back while receiving treatment and the suit was not brought until after one year from the date of the accident. The Court looked upon this suit as a tort action and dismissed plaintiff's action.
It is the opinion of this court that the cause of action which the plaintiffs pursue and in which they seek to recover for injuries and/or damages allegedly sustained by Freda Bresler while she was a customer at Durwood Nugent's hair dressing establishment is most definitely an action sounding in tort and that the one year prescriptive period provided for in Article 3536 of the Louisiana Civil Code, LSA, is most applicable. The application of the tort rather than the contract statute of limitation by the district court in the present case was well reasoned and justifiable; therefore the plea of prescription was properly sustained.
Accordingly, the judgment appealed from is affirmed at appellants' cost.
Affirmed.