BAILES, Judge.
Plaintiff, Mrs. Katie L. Bailey, brought this tort action to recover damages allegedly *107 sustained by her when her beautician, at her request, attempted to cosmetically change the color of her hair from brunette to blonde. The defendants named in plaintiff’s petition were Mrs. Wanda Warmack, d/b/a Wanda Warmack’s Beauty Salon; E. O. Warmack, husband of Mrs. Wanda Warmack; Percy Solar, employee of Wanda Warmack’s Beauty Salon, American Motorists Insurance Company, the public liability carrier of the beauty salon owner, and Roux Laboratories, Inc., the manufacturer of certain chemicals and solutions used in the hair color changing process.
Plaintiff alleged that on or about February 12, 1963, she visited the Wanda War-mack Beauty Salon for the purpose of obtaining a hair set, and while there she decided to have the color of her hair changed from brunette to blonde. As a result of the treatment and process, she alleged her hair was seriously damaged, the color was changed to a dirty white with yellow streaks, her hair became stiff and brittle and that she lost a substantial part of her hair; she further alleged her hair broke off at the scalp and also at various lengths, and her scalp was sore, irritated and bled. She claimed damages, both special and general, in the total amount of $14,225.50. Trial by jury was prayed for and granted by the trial court.
After trial on the merits before the jury, she was awarded a verdict of One Dollar and costs against all defendants except Roux Laboratories, Inc. The verdict of the jury was in favor of Roux Laboratories, Inc., rejecting and denying her demands as to it.
Plaintiff moved for a new trial. As an alternative to the granting of a new trial by the lower court, the defendants cast agreed to an additur in favor of plaintiff in the amount of $300, or a total award of $301, plus costs.
All defendants, except Roux Laboratories, Inc., appealed from the judgment of the trial court, and the plaintiff also appealed against all defendants, except Roux Laboratories, Inc. Therefore, as to the latter named defendant, the judgment dismissing it from this action is final.
For all intents and purposes the answer of the defendants denied all of the allegations of negligence which formed the basis for this action.
Actually, there is virtually no dispute as to the facts of this case. Plaintiff had been a regular customer of the Wanda Warmack Beauty Salon and of Percy Solar for several years prior to this occasion. On the evening of February 12, 1963, plaintiff told Percy Solar she wished to have the color of her hair changed to blonde. After some discussion of the subject, he undertook the process. The only discussion directed toward discouraging plaintiff in this matter was the cost of maintaining blonde-hair. At no time did defendant, Percy Solar, advise plaintiff of the hazards involved, nor did he mention any danger or risk or side effect of the bleaching procedure.
Defendant, Percy Solar, testified he discussed with plaintiff the matter of time to be consumed in the process, that it costs a lot of money to maintain, and that it would be necessary for her to return a number of times for treatment with conditioners in order to restore the natural oils lost to the hair in the bleaching process. He admitted he did not apprise her of the likelihood that her hair might become brittle and break. He testified he took it for granted when he told her her hair would need conditioners that she knew her hair might be brittle and break. He further admitted the proper procedure to follow preparatory to bleaching hair is to perform a skin test or patch test to determine if the customer is sensitive to the chemicals, and to perform a strand test to determine the effect of the chemical on the hair itself. This is recommended by the manufacturer of the products used to bleach-hair. The preponderance of the evidence shows the proper method to effect a change-in hair color by use of bleaches is to admin *108 Ister the bleach in steps or stages over a period of at least several days.
At about five o’clock in the afternoon the process was started. At about midnight it was completed. Immediately after the bleaching procedure was completed and the toner applied it became evident all was not well. After plaintiff’s hair was rolled and dried, defendant Solar attempted to comb and brush her hair, whereupon her hair began to break and large and abnormal amounts of her hair separated from her scalp; and her scalp was irritated, raw and bleeding. Plaintiff testified her scalp was sore and scabby and tender for at least a month.
Plaintiff returned to the defendants’ establishment a number of times for treatment of her hair, but all this was to no avail to alleviate the condition of short, stubby and unmanageable hair. Her condition and appearance required that she wear a wig hat and then later a wig.
She testified she was employed as a secretary in an insurance agency and also she worked as an insurance agent. In her work it was necessary for her to have contact with the public. The picture of this lady in the record depicts her condition about one week after her calamity. Her appearance in these pictures is no less than distressful. This condition existed for about six months with it gradually becoming less acute with the passage of time during which by natural growth her hair attained its former appearance. There is no doubt in our minds that she was greatly embarrassed and humiliated by her condition. Her plight was somewhat alleviated by the wearing of the wig, but this procedure itself was cumbersome, awkward and troublesome.
’ It would serve no useful purpose to detail the plaintiff-appellant’s specification of errors. Her assignment of errors is essentially that of lack of an adequate award. The defendant-appellants’ assignment of errors is that the jury erred in assessing any liability on the defendants, and secondly, the trial judge erred in ordering a new trial unless defendants would agree to an additur of $300. In view of our finding herein, it will not be necessary for us to discuss or consider the latter alleged error.
We have no hesitancy whatever in finding defendant, Percy Solar, guilty of negligence in applying the bleaching agents to plaintiff’s hair without first determining from a skin test or patch test the sensitivity of the plaintiff thereto and the lack of performing the strand test to determine the effect of these on the hair itself. The defendant, Percy Solar, is trained, schooled, held out to the public, licensed and accepted as an expert beautician charged with special skills and knowledge, in the administration of this technical procedure of bleaching hair. He was duty bound to not deviate from the accepted procedure.
The evidence shows that, in addition to the testing procedure provided to safeguard the public, it is recommended, and beauticians are taught, this procedure should not be accomplished at one sitting, but rather it should be carried out in a series of sittings. Defendants failed to apprise plaintiff of this recommended procedure. This, too, was an act of negligence.
In Mixon v. Brechtel (La.App.1937) 174 So. 283, a case in which the plaintiff allegedly suffered an injury from a permanent wave administered by defendant and in the application of heat to plaintiff’s hair, the court stated:
“[2] The learned trial judge was correct in his statement in his reasons for judgment when he said: ‘A person who undertakes to hold themselves out to the world as skilled in any art, trade or profession and have people put themselves or their cases or belongings in their charge, are perfectly and absolutely justified in relying on the skill and art and science that such a person holds himself out to have in the exercise of such a trade, profession or art and a person so *109 doing is primarily liable for any damage that occurs.’ ”
In Smith v. York (La.App.1934) 152 So. 152, plaintiff complained of receiving a burn to her scalp, and the court observed:
“[3] On the other hand, if the injury resulted from the use of the permanent waving device and the application of too much heat, then defendant would be liable, for, whether the device was defective, or the operator careless, would make no difference since, in either case, the damage must be held to have resulted from the negligence of defendant or of her employee.”
We find in the case of Cooper v. The Powder Puff, Inc., (La.App.1938) 184 So. 593, wherein the plaintiff suffered burns from a permanent wave device, the court adopted the holding of the court in the cases of Mixon v. Brechtel, supra, and Smith v. York, supra.
In the more recent case of Bethancourt v. Employers’ Liability Assurance Corp. (La.App.1963) 153 So.2d 921, the plaintiff sued to recover damages resulting from application of a permanent wave which ruined plaintiff’s hair. The case is very much like the instant case. Therein the cosmetologists or beauticians failed to make the necessary tests to predetermine the effects of the treatment on the customer’s hair. Disaster resulted. The court held the principal defendant liable on the ground that cosmetologists or beauticians therein held themselves out to the public as experts in the field of cosmetic beautification, and they failed to perform a function of making tests which their training had taught them was necessary to determine the adaptability of bleached hair to certain permanent wave lotion, and the failure to perform these tests was a breach of a duty owed plaintiff.
Our conclusion herein is that the breach of the duty defendant Solar owed to plaintiff to test her hair before commencing the bleaching operation was the proximate cause of the injury to her hair and the resulting damages.
In their argument against liability, defendants rely on the cases of Moran v. Insurance Company of North America (La.App.1962) 146 So.2d 4; Bennett v. Pilot Products Company, 120 Utah 474, 235 P.2d 525, 26 A.L.R.2d 958; Bish v. Employers Liability Assurance Corporation (5 Cir.1956) 236 F.2d 62. In none of these cited cases was there the question of liability for the breach of a duty to perform certain tests which are standard procedure in the trade, and recommended by the manufacturer of the solutions used. We conclude, therefore, that the cited cases are not apropos to the question before us in the instant case.
On the question of quantum, the record fully substantiates the fact that plaintiff was subjected both to physical pain and suffering because of the irritating effect of the toning solution on her scalp, and that she suffered mental pain and anguish because of the horrible condition of her hair resulting from the breaking and falling out of her hair, and that the shortness resulting therefrom endured for at least three months. Further, we find she was inconvenienced by the necessity of wearing the wig and the daily preparation of it for wearing. The plaintiff, in her brief, has asked that the award be increased to the sum of $2,000. We are convinced, from our appreciation of her predicament as above set forth, plaintiff is entitled to an award of $2,000. In addition, she has proved special damages consisting of doctor’s bills, recovery of bill paid to defendants for the bleaching treatment, and drugs, in the total amount of $83.08.
For the foregoing reasons the judgment of the District Court in favor of plaintiff is amended by increasing the amount to the sum of $2,083.08; and in all other respects the judgment appealed from is affirmed.
Amended and affirmed.