146 So.2d 4 (1962)
Mrs. Doris MORAN Wife of/and John D. Moran (Plaintiffs-Appellants)
v.
INSURANCE COMPANY OF NORTH AMERICA (Defendant-Appellee).
No. 704.
Court of Appeal of Louisiana, Fourth Circuit.
October 29, 1962.
Roy L. Price, Chester Francipane, Metairie, for plaintiffs-appellants.
Carl J. Schumacher, Jr., New Orleans, for defendant-appellee.
Before JOHNSON, EDWARDS and DALFERES, JJ.
EARL EDWARDS, Judge ad hoc.
This suit was filed on January 5, 1961, by Mrs. Doris Moran and her husband, John D. Moran, against the Insurance Company of North America. Mrs. Moran allegedly suffered a dermatitis to the exposed portions of her body as a result of the application of Revlon Suntan Bronze Luster Creme upon her skin. She claims damages in the sum of TEN THOUSAND AND NO/100 ($10,000.00) DOLLARS for pain, suffering and mental anguish, and her husband, as head and master of the community, claims NINETY-SEVEN AND NO/100 ($97.00) DOLLARS damages for doctors and medical bills incurred in the treatment of his wife. The defendant is the public liability insurer of Revlon, Inc., the manufacturer of the above product, insuring the manufacturer against claims of third parties, *5 for any negligence or wrongful acts in the preparation and sales of its products.
Mrs. Moran alleged that she purchased the above sun tan lotion or cream, on May 15, 1960, when she was preparing for a vacation trip to Jamaica, British West Indies. While vacationing on that island, about May 15, 1960, she applied the sun tan cream to the exposed portions of her body, not covered by her bathing suit, and proceeded to the beach where she exposed herself to the sun for a period of forty-five minutes to an hour. Then she returned to her room, took a shower. She further alleged that she repeated these applications of the lotion or cream, in accordance with the recommendations or instructions upon the container, on separate occasions, for two additional days, and on May 18th, 1960, skin irritations began to show upon her body, where she had applied the lotion, and this developed into a very severe skin eruption or rash. She alleges negligence of the company in not properly preparing the product, in falsely advertising same, and in failing to warn users of the possible toxic effects from the use thereof.
She testified upon trial of the case, that it was necessary to cut her vacation short, and had to return to New Orleans to get medical treatment. A dermatologist treated her from May 20, to May 28, 1960, when she was discharged. Apparently she fully recovered about that date or shortly thereafter.
Dr. H. B. Christianson, testified in the case. He was the specialist who had treated plaintiff. He testified that he gave her skin tests or patch tests, with the same product, and that it caused skin irritation where applied, especially where used with sunlight exposure. It was his conclusion that she was allergic to the preparation and he cautioned her against the future use thereof.
The material facts are not in conflict. These show that plaintiff, Mrs. Moran, used the sun tan lotion; that she suffered skin irritations or dermatitis from the use thereof. No doubt, too, she was made ill and suffered from this skin rash considerably.
The manufacturer of this product according to the testimony, used the usual precautions in the manufacturing of this product; the company conducted tests on numerous women before this preparation was marketed. The tests conducted by the manufacturer went far beyond the minimums prescribed by the Food and Drug Administration. In all cases and without exception, there were no adverse reactions from the use of this preparation. The Vice President also testified that at the time of trial, there had been marketed 433,047 tubes of this lotion; that each tube contained about twenty applications. This would be the equivalent of eight million applications, without complaints or claims being made to his company. But with all this evidence, and even if true, it is contended that the defendant company is liable.
The question for this Court, is whether, as a matter of law, the defendant can be held liable under the circumstances and facts presented. The Court below decided against the plaintiff, and this appeal followed.
Counsel for plaintiffs argues that under Louisiana law, and particularly the doctrine announced in Doyle v. Fuerst and Kraemer, Ltd., 129 La. 838, 56 So. 906, the defendant must answer for plaintiff's damages. In that case, the Court said:
"The principle which governs in this case is that everyone ought to know the qualities, good or bad, of the things which he fabricates in the exercise of the art, craft or business of which he makes public profession, and that lack of such knowledge is imputed to him as a fault, which makes him liable to the purchasers of his fabrications for the damage resulting from the vices or defects thereof which he did not make known to them and which they were ignorant of."
It is argued in this case, that as in the case of foods for consumption, the manufacturer *6 is an insurer of the wholesomeness of his product, and when unwholesome, the warranty is breached and he is responsible.
This Court has considered all the evidence and the decisions cited very carefully. It is of the opinion that this Sun Tan Bronze Luster Creme, which Mrs. Moran used, was not defective or deleterious. The specialist, her own doctor who testified in her behalf, said:
"Q. You therefore know that there was no primary irritants in this product?
"A. I presume, yes, Sir, I know of none.
"Q. In other words, do you know what caused her to be allergic to this, or codeine, for instance?
"A. I do not.
"Q. But it's a peculiarity within her body. Is that correct?
"A. It's an individual peculiarity, or an abnormal capacity to react to a substance." (Transcript 75 & 76)
Under further questioning, the doctor testified that what Mrs. Moran had, was an even rarer dermatitis; that her condition was caused by a combination of the substance used plus the sunlight. We quote further from his testimony on page 79 of the transcript:
"A. It did indicate that she had a contact photodermatitis as a result of this agent. I was hoping you wouldn't bring this up, but that was it, as I recall. In other words, the reaction necessitates both the substance plus exposure to the sun to bring out the dermatitis.
"Q. It makes it even more rare insofar as allergies are concerned, does it not?
"A. Yes Sir, it does."
The nearest and most persuasive case pointed out to the Court, as applicable to a case of this type, is that of Bish v. Employers Liability Assurance Corporation, Ltd., 236 F.2d 62. In that case, the Fifth Circuit Court of Appeals, sitting in a diversity case, and passing upon Louisiana Law, said:
"As a corollary to these sound rules it follows that in the absence of either a danger or knowledge of danger of the use of a product, or where there might be only a remote possibility of danger, failure to warn is not negligence. Nor is a warning required as to a product where an injury results from the sensitivity or allergy of a person in the use of a product which would be innocuous to normal people. Levi v. Colgate-Palmolive Proprietry, 41 New So.W. St. 48, 58 New So.W.W.N. 63. The instruction that no warning was required was, upon the facts here shown, a proper one."
Again, this Court is referred to 26 A.L. R.2d at page 966, wherein a summary of the decisions in the various Courts of the land is given as follows:
"Although there are decisions to the contrary, generally it has been held that in an action by the buyer of a product against the seller for breach of warranty to recover damages for injuries resulting from the use of the product, there is no liability upon the seller, where the buyer was allergic or unusually susceptible to injury from the product. In an action by the buyer or user of a product, based on negligence, against the manufacturer, jobber, or seller for damages resulting after the use of the product, it has been held that there is no liability upon the manufacturer, jobber, or seller, where the buyer or user was allergic or unusually susceptible to injury from the product."
And a great many cases are cited in support of the above.
Lastly and very significantly, this Court was cited to a case from the State of Utah, involving a case of dermatitis caused by *7 plaintiff's allergic reaction to a wave lotion used in her hair. In that case it was shown that about one in one thousand would be allergic to the combination of the ingredient and the fixative. In this case, Bennett v. Pilots Products Co., 120 Utah 474, 235 P.2d 525, 26 A.L.R.2d 958, the Court said:
"Appellant appeared to be sensitive to the mixture much the same as some people respond to strawberries,a commodity honored so frequently by the authorities in illustrating difference in liability to the allergic in contrast to the normal individual. We believe, that under the facts of this case, the trial judge strained neither common sense nor realism in concluding that appellant's ailment, being the result of an allergy, was not compensable as a matter of law. We are sympathetic with appellant and her misfortune, but cannot require the merchant to assume the role of absolute insurer against physiological idiosyncrasy. To do so also would invest the elusive ordinary prudent man with a quality of foreseeability that would take him out of character completely. Every substance, including food which is daily consumed by the public, occasionally becomes anathema to him peculiarly allergic to it. To require insurability against such an unforeseeable happenstance would weaken the structure of common sense, as well as present an unreasonable burden of the channels of trade."
This above language is persuasive when noted in the light of Dr. Christianson's testimony.
When considering the above jurisprudence and the facts of this case, this Court is forced to the conclusion that Mrs. Moran had a very particular allergy or physiological idiosyncrasy and the combination of this unusual susceptibility with the sunlight, caused her troubles. To impose liability in such an unforeseeable occurrence would be illegal and inequitable.
Affirmed.