HAWTHORNE, Justice.
Plaintiff Jolly F. Pierring instituted this suit seeking to recover damages in the sum of $10,576.07 from Edward C. Breedlove. The lower court dismissed his suit on an exception of no cause or right of action, and he appealed to the Court of Appeal, Second Circuit, which transferred the case to this court because it lacked appellate jurisdiction.
In considering the exception which was sustained by the lower court, all well pleaded allegations of plaintiff’s petition must be accepted as true. The material allegations are as follows:
In December of 1945 plaintiff discussed with defendant the possibility of obtaining a lease on.a filling station owned by the defendant in Natchitoches, Louisiana. In January of 1946 Breedlove, the defendant, advised plaintiff that, if he wanted to take over the filling station, he could do so as of February 1, 1946. ' Plaintiff requested a written lease, but was informed by the defendant that one was not necessary, and that he, plaintiff, could have a lease on the filling station as long as he wanted it provided he “ran it right”. Thereafter, relying on the representations of Breedlove, the plaintiff and his wife gave up their employ *1091 ment in Houston, Texas, where he was earning approximately $4,000 per annum and his wife $1,000, and moved to Natchitoches in order to run the filling station. He operated the filling station during the months of February and March, 1946, and during March made a net profit of $489.13. On April 5 he received a written notice from the defendant to vacate the premises and deliver possession at the end of the month. On the same day defendant executed a written contract of lease of the filling station to the Billups Petroleum Company, effective May 1, 1946. In view of the fact that plaintiff had no written contract from Breedlove but only a verbal lease, he was forced to vacate the premises and on April 30, 1946, turned them. over, to Billups Petroleum Company.
Plaintiff itemized his damages as follows: For loss of his job in Texas and loss of his wife’s employment in Texas and loss of anticipated profit of this filling station during the next two years had he been permitted to operate it for this period of time, $10,000; for .expenses in moving to Louisiana, $125; for loss in the value of the filling station equipment purchased by him which he would be forced to sell at 50 per cent of its cost, $451.07—or a total of $10,-576.07.
Under the allegations of plaintiff’s petition he had a verbal lease of the filling station, but he does not allege that the lease had a fixed duration. On the contrary, his allegations show that its duration was not fixed, for he alleged that defendant had told him he “could have a lease on the filling station as long as he wanted, provided that he ‘ran it right’ ”. Since the verbal contract between the plaintiff and the defendant for the renting of the filling station did not fix the duration of the lease, the law provides that it shall be considered as having been made by the month, under Article 2685 of the LSA—Civil Code: “If the renting of a house or other edifice, or of an apartment, has been made without fixing its duration, the lease shall be consid- . ered to have been made by the .month.”
According to plaintiff’s allegations he was damaged because, after occupying the leased premises for only two months under the verbal lease, defendant gave him notice to vacate and deliver possession, but defendant had a right to do this under Article 2686 of the Code, which provides: “ * * * If no time for its [the lease’s] duration has been agreed on, the party desiring to put an end to it must give notice in writing to the other, at least ten days before the expiration of the month, which has begun to run.” Since no time for the lease’s duration had been agreed upon by these parties, either had the legal right to terminate the lease at the expiration of any month by complying with the provisions of the above quoted article.
Plaintiff in ' brief states that the whole theory of his case is that the defendant made representations to him upon which he relied, and caused him to suffer the dam *1093 ages claimed, citing in support thereof Article 2315 of the LSA-Civil Code. The damages to plaintiff were caused by termination of the lease contract by the defendant, but the defendant under the allegations of the petition had a legal right to end the lease, and consequently is not responsible in damages.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.