MILLER, Judge.
This is a companion case to Domingeaux v. Davis et al., 250 So.2d 434 (our docket number 3513), and Davis v. Domingeaux, 250 So.2d 435 (our docket number 3514) in which separate decrees are being rendered by us this date.
These three consolidated cases arise out of a sideswipe accident between two northbound motorists. Based on credibility of the witnesses, the trial judge found that the overtaking motorist was negligent and that his negligence was the sole legal cause of the accident. We affirm.
At about 1:30 p. m. on June 1, 1968, plaintiff, Mr. Peter Domingeaux, was proceeding north on Louisiana Highway 182, the old Sunset-Opelousas Highway. His mother Mrs. Ella Lewis Domingeaux was his guest passenger. When Domingeaux reached a point about three miles south of Opelousas, the Davis northbound automobile started a passing maneuver. Defendant, Mr. Willie Davis was a passenger in his automobile which was being driven by his brother-in-law defendant Mr. Joseph Jardoin. Defendant Harleysville Mutual Insurance Company was the liability insurer of the Davis vehicle.
The road was straight and level. It had rained earlier in the day, but at all relevant times, visibility was unlimited and the pavement was dry. The road shoulders were damp.
Photographs of the two lane highway show that the narrow concrete paved portion is approximately eighteen feet wide and that the shoulders are also narrow. There are depressions on either side of the concrete indicating that traffic frequently uses the shoulders immediately adjacent to the paved portion of the highway.
*433 Defendants appellants (Davis et al.) contend that the accident occurred when the Domingeaux automobile veered to its left over the center line and struck the Davis vehicle while it was passing in the left or southbound lane. Both Davis and Jardoin so testified. The investigating officer interpreted the skid marks and debris found at the accident scene as supporting this contention.
The trial judge rejected this testimony and that conclusion. He found that the overtaking motorist negligently crossed into Domingeaux’s lane and that his negligence was the sole legal cause of this accident.
The Domingeaux vehicle departed from a point about two miles south of the scene of this accident some time before the Davis vehicle departed from the same point. Domingeaux was driving about 50 m. p. h. Nevertheless the Davis vehicle overtook it within two miles. Several witnesses verified that the Davis vehicle left the point some two miles away at “a fast rate.” The evidence preponderates that the overtaking motorist was driving at a high rate of speed. Based on the false testimony of both Davis and Jardoin on the material issue of their speed, the trial court’s decision to reject their entire testimony is supported. Wheeler v. Turlich, 176 La. 301, 145 So. 546 (1933).
Domingeaux testified that while looking in his rear view mirror, he saw the overtaking vehicle weaving from side to side and that he did not see the impact. He did not know what part of his car was first hit. He did know that his car was first hit on the “left rear side,” and then later at a point between the doors on his left side. Davis and Jardoin both testified that there were two separate impacts between the vehicles.
The Domingeaux vehicle traveled some 240 feet after impact and ran into a culvert on the east side of the highway. The ditch was deep and Domingeaux’s car came to rest upside down. Jardoin regained control of the Davis vehicle after the two impacts, and stopped on the west side of the road near the Domingeaux vehicle.
Appellants submit that the testimony of Mrs. Ella Lewis Domingeaux was totally unreasonable. She related that she saw the first impact when the entire front of the Davis vehicle rearended the entire rear end of the Domingeaux vehicle. Some of Domingeaux’s testimony was also difficult to follow. The testimony of Davis and Jardoin was just as unreasonable on some of the relevant issues.
The interpretation of the physical findings by the investigating officer were influenced by Davis and Jardoin who were present at the accident scene to explain their version of the accident. Domingeaux and his mother had been taken to the hospital.
The investigating officer interpreted the skidmarks as indicating that Domingeaux drove on the east shoulder as the Davis vehicle began its passing maneuver. He surmised that when Domingeaux pulled back on the highway, Domingeaux crossed into the passing lane and struck the Davis vehicle for the first time.
The trial judge’s interpretation of the photographs and physical facts are that the first impact occurred while Domingeaux was in his proper lane and the front right side of the Davis vehicle struck the side of Domingeaux’s left rear fender causing Domingeaux to lose control. Domingeaux then went on the east or right shoulder and back across into the left or passing lane.
Appellants contend that this is impossible because the investigating officer did not find debris in the northbound lane. We are not impressed with the officer’s alleged finding of debris in the southbound lane. The photographs that purportedly show this debris are no help to defendants’ position. The officer placed an empty beer can in the road to show the location of the debris in three photographs. We see the beer can and the skidmarks, but no debris.
*434 We do not find manifest error in the trial court’s determination that the speeding overtaking northbound motorist sideswiped the slower moving northbound motorist while the lead vehicle was in its proper lane of travel.
It is well settled that the trial judge’s findings on questions of fact, and particularly on questions involving the credibility of witnesses who testified before him, are entitled to great weight on appeal and will not be disturbed unless clearly erroneous. Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955). We do not find manifest error.
The burden is on appellants to demonstrate that the trial judge’s decision is incorrect and not justified by a preponderance of the believable evidence. Davis v. Horne Lumber Co., 213 La. 429, 34 So.2d 914 (1948). Appellants failed to carry that burden.
Defendants appellants contend that the $1,750 award to Peter Domingeaux for his pain, suffering and disability is manifestly excessive. We do not agree.
Dr. Joseph G. Patton, general surgeon of Opelousas, summarized Domingeaux’s injuries as:
“ * * * a severe contusion of his face with a possible fractured cheekbone, severe contusions and abrasions of the left shoulder, contusions of the back muscles, the upper back muscles, and a contusion of the left knee and thigh, and multiple lacerations of the left hand and the right elbow.”
X-rays showed no fractures or dislocations. The lacerations on the hand and elbow were sutured. Domingeaux received twenty-two diathermy and ultra-sound treatments at Dr. Patton’s office. Additionally he was seen by Dr. Patton on six occasions. His medical expenses totaled $308.84.
Domingeaux was unable to report to work for five weeks. He was then released to light duty. Six weeks post accident, Dr. Patton found no objective signs of disability, but he thought that Domingeaux’s complaints of headaches and pain were valid. Dr. Patton discharged the patient as recovered on August 8, 1968, ten weeks post accident.
The award is not manifestly excessive.
The judgment of the trial court is affirmed. Costs of this appeal are assessed to defendants appellants.
Affirmed.