SCHOTT, Chief Judge.
Donald Schmoker has appealed from a judgment in favor of his landlord, Peter Apostólos, ordering Schmoker to vacate rental property. The issue is whether a verbal lease. entered between the parties was a month-to-month lease terminable upon timely notice.
Schmoker operated a book store at the premises which he had been renting for approximately five years. In February 1992, the premises were sold to Apostólos. Shortly after purchasing the premises, he notified Schmoker that the rent was increased by $300 per month. Schmoker became concerned about his future tenancy and began looking for other space, but he deferred moving until he could meet with Apostólos and discuss his situation. On February 26, 1992 they met. According to Schmoker and a witness he brought to the meeting Schmoker agreed to the rent increase and Apostólos told him he could stay *1050 in the premises as long as he pleased. Schmoker alleges that in April Apostólos asked him to sign over his right to a electrical service which he had installed at the premises for $4,725 and that Apostólos threatened him with eviction if he did not comply. Schmoker refused unless Apostó-los would compensate him.
On April 15, Apostólos served Schmoker with a notice to vacate by the end of the month and on May 1, he filed a rule for possession of the premises. Schmoker’s defense was that Apostólos told him at the February meeting: “I have no intentions of evicting you. So long as you pay me $1,000 a month, you may stay as long as you want.” After a hearing on May 8, the trial court ordered Schmoker to vacate the premises.
If the rent of premises has been made without fixing its duration, the lease shall be considered to have been made by the month. LSA-C.C. art. 2685. If no time for the lease’s duration has been agreed on, the party desiring to end it must give notice in writing to the other, at least ten days before the expiration of the current month. Art. 2686. Thus, if the parties do not specify a certain time period, the time period shall be one month, with automatic reconduction in the absence of timely notice of termination. In a case markedly similar to the instant case, the Court in Herring v. Breedlove, 64 So.2d 441, 442 (La.1953), held that where a landlord advised the tenant he could occupy a service station for as long as he wanted, a month-to-month tenancy resulted.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.